# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CORBIN J. HOWARD, | : | |
| Plaintiff, | : | Case No. 3:11cv00157 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| EATON MUNICIPAL COURT, et al., | : | |
| | : | **REPORT AND RECOMMENDATIONS**[1] |
| Defendants. | | |
| | : | |

Plaintiff Corbin J. Howard, a resident of Eaton, Ohio, brings this case pro se naming four defendants: Eaton Municipal Court, J. Allen, Paul Henry, and Bertha Kalil. Plaintiff alleges, "Sometime between November of 2006 and May of 2007, the Ohio Bureau of Motor Vehicles wrongfully placed my driver's license under suspension even though I had sent proof of insurance for random selection case #RS 060 7219. I found out my license had been suspended in May of 2007 during a random traffic stop." (Doc. #2 at 11).

Plaintiff explains that on May 29, 2007 he pled not guilty in the Eaton Municipal Court to the charge of driving under a suspended license. He maintains that this charge was later changed, by way of an amended journal entry, to operating a vehicle without a valid driver's license. He further asserts, "On October 27, 2007, my plea of not guilty was changed to guilty as amended to no [driver's] license without my consent." *Id.*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

On December 21, 2007, Plaintiff returned to the Eaton Municipal Court where he was allegedly forced to admit that he was guilty of "operating a vehicle without a driver's license." (Doc. #2 at 12). Plaintiff maintains that prosecuting attorney, J. Allen, told him that if he did not plead guilty, he would be sent to jail.

Plaintiff claims that the City of Eaton, for the past four years, has tried to make him pay a fine and has "illegally placed a forfeiture on my license after violating [his] constitutional rights." (Doc. #2 at 12).

For relief, Plaintiff requests an award of $1,000.00 to cover any outstanding fines and to help him pay the fees necessary to regain his Ohio driver's license. He also seeks $10,000.000 in punitive damages. (Doc. #2 at 13).

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, plus his additional allegations concerning the amount he seeks to recover, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B). The case is now before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B).

The main issue presented is "whether [the] complaint makes an arguable legal claim and is based on rational facts." *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler*

2

*v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see Brand*, 526 F.3d at 923. A Complaint lacks a rational factual basis when its allegations are "'fantastic or delusional.'" *Brand*, 526 F.3d at 923 (quoting *Neitzke*, 490 U.S. at 327-28); *see Lawler,* 898 F.2d at 1199.

Plaintiff raises rational, rather than delusional, factual allegations. *Cf. Lawler*, 898 F.2d at 1199 ("Examples of claims lacking rational facts are prisoner petitions asserting that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts."). His Complaint, therefore, is not subject to dismissal as factually frivolous. *Id.*; *see Brand*, 526 F.3d at 923.

Accepting Plaintiff's allegations as true and liberally construing the Complaint in his favor, he seeks to a raise federal constitutional claim under 42 U.S.C. §1983. Plaintiff's Complaint, however, fails to raise an arguable constitutional claim. The bulk of the alleged misconduct Plaintiff describes in his Complaint occurred in or before December 2007. Yet Plaintiff did not file his Complaint until May 12, 2011, more than three years after the alleged misconduct. Consequently, the applicable two-year statute of limitations bars nearly all of Plaintiff's allegations and claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).

The sole exception relates to more recent and, thus, timely misconduct – i.e., misconduct

3

within the past two years, *see id*. Such allegations are embedded within Plaintiff's claim that for the past four years, the City of Eaton has tried to force him to pay a fine and has "illegally placed a forfeiture on [his] driver's license after violating [his] constitutional rights." (Doc. #2 at 12). These allegations, however, are insufficient to state a plausible, non-speculative claim for relief on its face. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *see also Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

To state a plausible, non-speculative claim, the Complaint need only set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). This does not require detailed factual allegations, yet it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, __U.S. at __, 129 S.Ct. at 1949. Plaintiff's allegations against the City of Eaton constitute naked assertions without further factual support. Or – at best for Plaintiff – his allegations against the City of Eaton amount to an unadorned, the-City-violated-my-constitutional rights, claim based on only two accusations: (1) the City forced him to pay a fine, and (2) the City illegally placed a forfeiture on his driver's license. *See* Doc. #2 at 12. Without more specific supporting allegations, his Complaint fails to raise a plausible constitutional claim against the City of Eaton. *See Iqbal*, __U.S. at __, 129 S.Ct. at 1949.

Accordingly, dismissal of Plaintiff's Complaint is warranted under 28 U.S.C. §1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.


June 8, 2011 　　　　　　　　　　　　　　　　　　　　　s/Sharon L. Ovington
　　　　　　　　　　　　　　　　　　　　　　　　　　　Sharon L. Ovington
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).