IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CORBIN J. HOWARD,

    Plaintiff,

vs.

EATON MUNICIPAL COURT, et al.,

    Defendants.

Case No. 3:11cv157

JUDGE WALTER HERBERT RICE

---

DECISION AND ENTRY ADOPTING REPORT & RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE, ALBEIT WITH ALTERED REASONING (DOC. #3); PLAINTIFF'S OBJECTIONS (DOC. #4) OVERRULED; CAPTIONED CAUSE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B); TERMINATION ENTRY

---

Pursuant to the reasoning and citations of authority set forth below, this Court, upon a thorough de novo review of this Court's file and the applicable law, adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #3), albeit based on slightly different reasoning, and overrules the Plaintiff's Objections thereto (Doc. #4).

Plaintiff's § 1983 claims herein arise from his conviction in the Eaton Municipal Court of driving without an Ohio driver's license. He maintains that his plea of not guilty was changed to one of guilty, to the lesser included offense (the initial charge was driving under a suspended license), without his consent. Further,

Plaintiff claims that the City of Eaton, for the four years prior to his filing of his Complaint on May 12, 2011, has tried to make him pay a fine and has "illegally placed a forfeiture on [his] license after violating [his] constitutional rights." He seeks an award of both compensatory and punitive damages.

The Magistrate Judge conducted a sua sponte review to determine whether Plaintiff's Complaint, plus his additional allegations concerning the amount he seeks to recover, should be dismissed because it is frivolous or fails to state a claim upon which relief may be granted. Such a review under 28 U.S.C. § 1915(e)(2)(B), led her to conclude that dismissal was proper under that statute. The Court agrees, for the following reasons:

1. Under the rule established by the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), that Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for any other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87.

2. Herein, the showing required by Heck has not been made, nor is there an indication that plaintiff has attempted to make the requisite showing.

3. In addition to the Plaintiff's failure to satisfy the dictates of Heck v.

2

Humphrey, the bulk of Plaintiff's Complaint alleges misconduct occurring in, on or before December of 2007. Yet, Plaintiff did not file his Complaint until May 12, 2011, more than three years after the alleged misconduct. Consequently, Ohio's applicable two year statute of limitations bars nearly all of his allegations and claims, those occurring prior to May 12, 2009. Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989).

4. As to any claims accruing on or after May 12, 2009 (two years prior to the filing of the Complaint herein), alleged by the Plaintiff to consist of his claim that, for the past four years, the City of Eaton has tried to force him to pay a fine and has "illegally placed a forfeiture on [his] driver's license after violating [his] constitutional rights," said allegations are insufficient to state a plausible non-speculative claim for relief on its face, pursuant to Ashcroft v. Iqbal, _____ U.S. _____, 129 S.Ct. 1937, 1949 (2009). Without more specific supporting allegations, Plaintiff's Complaint fails to state a plausible constitutional claim against the City of Eaton and its agency, the Eaton Municipal Court.

Having concluded that the Plaintiff's Complaint must be dismissed as frivolous and failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court dismisses the Plaintiff's Complaint pursuant to that statutory section and certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this Court's order herein would be objectively frivolous and, therefore, not taken in good faith. Accordingly, Plaintiff's anticipated motion for leave to appeal in forma pauperis is denied.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 14, 2011

*(signature)*
WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Corbin J. Howard, *Pro Se*